Perry v. The Schumacher Group Good morning. May it please the Court. Jason Gordon on behalf of the appellant. This case presents a jurisdictional issue. This court in a prior appeal dismissed the appeal finding that the order was non-final because the appellant had dismissed her one remaining claim without prejudice. The appellant then went back to the district court, filed a Rule 41 motion, and sought to dismiss that one remaining claim with prejudice. The district court, relying upon its own opinion, ignoring cases from this court and other courts of appeal, found that it lacked jurisdiction to entertain the Rule 41 motion. The district court erred. This court shall remand back to the district court, directing it to grant the Rule 41 motion, enter a final judgment, so the appellant can now appeal the substance claims. Counsel, let me tell you where I am. Absolutely, Your Honor. Okay. The appropriate and easy thing to do in these circumstances is simply to amend the complaint and pursue Rule 15 and drop the claim or a party or whatever. That's what that rule's for. And that's first. Second, the stipulation of dismissal without prejudice was inoperative under a literal reading of Rule 41. In my view, that's not the service provided by Rule 41, which means, to your benefit, that there's still a case pending down there in the district court. Correct, Your Honor. With everything in there that was in there when you came up the first time. That's correct, Your Honor. Whether or not this court properly dismissed it beforehand or not doesn't matter. I understood. Not an issue today. Your Honor, that is our position in that the case does remain down with the district court. Now, where the district court erred and the important distinction with the cases it relies upon and the opinion of this court is that— The district court still had an unfinished job on its hands when it came down from the appeal. That is correct, Your Honor. But the problem is that you were back in the district court this time. You didn't, for example, after it came down, move the court for leave to amend and drop the claim. Your Honor, seeking leave to amend is one remedy. The courts that we cite to the opinions that we cite to discuss that is one remedy. It is not the only remedy. As numerous courts have discussed— But you'll take it, won't you? Your Honor, we will certainly take it. No matter how you get there, as long as we get to where we want to go with the final order, no issue with the procedural package. But the point on this appeal is— If that stipulation is inoperative, that's the way the case is right now. Well, Your Honor— You just went through—the district judge did have jurisdiction when he went down there. Your Honor, we don't believe that the stipulation was inoperative because what— Oh, counsel, come on. Well, Your Honor— There's nothing in Rule 41 that says that that was an operative dismissal of a party or a claim. Your Honor— You didn't dismiss an action. Certainly, but in the cases that we cite to in the brief, for example, in the Robinson Reader case from the D.C. Circuit, there, the issue was raised of whether or not the appellant will have an appellate remedy. Is my order—it's not final. Make it final. You do have an appellate remedy. Just amend the complaint, and you've got a final judgment, and it's appealable under 1291. Your Honor, if that's the court's position, and it goes back to the district court— Well, that's my position. It's the only way you could—otherwise, you'd torture Rule 41. Well, certainly not our intention, Your Honor, but what the case— Well, it could be tortured in subsequent cases is my problem. Well, but Your Honor, the case law provides, including from this court, construction aggregates, that if there's a—for example, in that case, partial summary judgment, and the party said, we don't want to continue litigating. This court said, but you don't have to. Go dismiss your one remaining claim with prejudice, that counterclaim. You'll have an appealable order. That's what the Robinson Reader court said. You can only dismiss it by amending the complaint and dropping the party. You can't do it under Rule 41 because that's not an action. Your Honor, respectfully, the courts allow that very procedure to be filed. One of the remedies suggested is seek a dismissal with prejudice of that one remaining claim. You read Judge Gee's footnote in Ryan? Your Honor, I've read the Ryan opinion. You've read the footnote? I—top of my head or I called a footnote on— You said they should have gone in there under Rule 15, amended the complaint, dropped the claim. That's Fifth Circuit law that's binding on our court. Understood, Your Honor. And I wrote the opinion, and Clay said the same thing. But, Your Honor, seeking an amendment of the complaint to drop it is not the only route. Now, Your Honor, we are not going to take issue with if ultimately it goes back to the district court, and that's the remedy. We will go that route. I'm throwing you a bone. Do you realize that? I appreciate that. Certainly, I understand, but— You don't want to catch it. Your Honor, I would be a fool not to. But you're worried about what a panel you're going to get the next time you come up here, right? Yes, and, Your Honor, we don't want to be limited to the only way it can be done is by amendment. If for some reason there is some finding that that's not going to be permitted when the law that we are relying upon allows for the stipulation with dismissal. The important distinction here—and, again, if that's the remedy, we go fine. But what the district court did in relying upon its own case— I think you're out of luck. Instead of dismissing all your remaining counts, all you would have had to do in the district court was move for an entry of final judgment on all the other counts. Then you could have safely dismissed all the counts without prejudice. So I think your situation is regrettable, but it's entirely of your own doing. Your Honor, this court found in— And I don't think the district court should be reversed on what it did. Your Honor, the distinction for what the district court did and this court's holdings is that in PNC, the issue there was a default was entered, notice of voluntary dismissal without prejudice of the entire case, not one remaining claim. And the district court relied upon this court's opinion in University of Southern Alabama, where it was also dismissal without prejudice of the entire case. The district court relies upon one line— It fell into the finality trap that you could have avoided by simply moving for an entry of final judgment on the other counts. If you knew you wanted to appeal this particular count, the court could have granted that motion and certified the other counts, and you would have had a perfectly available appeal and wouldn't have had to go back down, in which case you had no jurisdiction here, no jurisdiction there, and completely left your client out of luck. Your Honor, in fact, as the record shows, we did move for Rule 54 certification with the district court. That was denied. Now, the denial of that, in part, relies upon the concurring opinion from this court and state treasury, where this court was discussing whether or not there will be a remaining appellate remedy. Rule 54 permits a court to, quote, direct entry of a final judgment only if the court expressly determines there's no just reason for delay. The court already determined in entering summary judgment that what you wanted to appeal was unmeritorious, okay? Those were all—the remaining counts were all of viable claims ready for trial, and you gave them up at the last minute so you could appeal something, right? Your Honor, there was one remaining claim, which was the Section 1981 claim. That was the one claim that the appellant dismissed without prejudice to then seek an appeal. And then when this court brought up the jurisdictional issue, the appellant went back to the district court and sought the Rule 54 certification, which was denied. Because it didn't—the court had no jurisdiction at that point. Your Honor, that was not the finding of the district court. The district court simply found that, ultimately, this was not a situation which merited making that a final order, that there was no further work to be done in the district court to allow the jurisdiction. But before the court today is not the issue of the finding in the prior appeal. That has been found, which was it was a non-appealable order, and that, ultimately, as this court has found in U.S. v. Riolo and U.S. v. Bagalow, as we cite, appeal from a non-final order, non-appealable order, does not divest the court as jurisdiction. As Judge Schoflat has noted, the district court still has this jurisdiction, and we can go back and remedy this. Because the important distinction here, as this court noted in State Treasurer, citing to the Ryan v. Occidental case where this started, the Old Fifth Circuit opinion, is this. There, the court said, Ryan's rule does not permanently deny an appeal. Quote, when such an attempt to craft jurisdiction fails, the case is returned to the district court. The distinction here is the PNC case the district court relied upon did not involve an appeal of a non-final order, did not involve manufacturing jurisdiction, as was the case in State Treasurer where this court found Ryan does not preclude your appellate remedy. You can go back to the district court. The cases that we rely upon, Robinson Reader, the blue case from the D.C. Circuit, all of these courts provide you will have an appellate remedy. They specifically address the issue, and among the remedies they suggest, as noted, amend your complaint, and go seek a dismissal with prejudice from the district court. These are available remedies that the courts of appeal provided. Now, what the appellates in the district court would have this court believe is that this court's opinion in construction aggregates, where, again, the court said, you want to appeal? Go back to the district court and just dismiss without prejudice or dismiss with prejudice. The appellates in the district court would have this court believe that in construction aggregates, in State Treasurer, these other courts we cite to, that these were hypothetical remedies that, in fact, the appellant did not have, could not take advantage of, and if they went back to the district court and did that and came back to this court in construction aggregates, this court was going to say, well, no, that wasn't available to you, although we told you to do that, but that's not an available remedy. Joke's on you. That's just not plausible, respectfully. And it's not in keeping with Federal Rule of Civil Procedure 1, which instructs us to construe, administer, and employ these rules to secure just, speedy, and inexpensive determination of every action and proceeding. Certainly, Your Honor, because the district court and the appellates are taking the view there is no such thing as a premature appeal. Can I ask you, you know, I think this is a hot mess, and I'll be interested to hear from my colleagues, but I'm assuming that you are prepared to stand in the well of the court today and abandon your Miss Perry's 1981 claim. The answer is yes, Your Honor, and we cite two cases from the Seventh Circuit, one in particular. You would like us to amend the complaint and drop it out. Absolutely, and that was the issue in the Seventh Circuit case where the court asked that very issue. Do you want to drop that claim and go forward with repeal or not? We are prepared to do so. We tried to do so. But the problem is that's not what's in the record before us from the district court. You could have gone back to the district court and said, Your Honor, you still have jurisdiction because the dismissal was inoperative. We want to amend the complaint, drop it out, and up you come. Easy as pie. It would take about 20 minutes to do all of that. And if this court will send us back and find the district court has jurisdiction and retains it, we will happily do so, and we will come back here and we can have this discussion again another day on the substantive claims. But ultimately, if the district court has jurisdiction to allow us to amend, it has jurisdiction. It always has jurisdiction to allow to amend as long as it has the case. And the one case that the appellees rely upon to argue why the district court doesn't have jurisdiction is this court's opinion in Inago. Now there, dismissal with prejudice of the entire case. That's not what we have here. There, a settlement was entered into, and the question was when there was a breach. What's the case? What's remaining in district court for you to amend? The court dismissed with prejudice a number of claims. You dismissed without what remains. What is there to amend? That case is gone. There is no case in the district court. Your Honor, the Fifth Circuit in Ryan instructs that in that scenario where there is a dismissal without prejudice and one claim remains, what the court stated is the torso of the complaint remains when the dismissal without prejudice occurs. The general allegations, the jurisdictional allegations remain, and the Section 1981 claim remains as well. Excuse me. So therefore— Why didn't you amend? Why didn't you amend the complaint? Get rid of the without prejudice dismissal? Appeal what you wanted to appeal, and you wouldn't have to go through this exercise. Your Honor, I see my time has elapsed. May I have Leif to answer the question? You can answer the question. Thank you. Save your rebuttal time. Your Honor, the fact is that that is not the route that the appellant took. However, that does not preclude that the district court still has jurisdiction and that the dismissal under Rule 41A1A2, which allows for dismissal by stipulation, was a viable remedy and that the district court still having jurisdiction, this can be remedied by going back there and ultimately, whether it's by amending, whatever the route is. The point is the district court's ruling was it did not have jurisdiction. And, in fact, it still remains with the district court, and there is the ability to have an appealable order. All right. I'll save my time for rebuttal. Thank you. Ms. Wheeler. Good morning. May it please the Court. My name is Denise Wheeler Wright. I'm with Fort Harrison, and I'm here on behalf of Naples HMALC. To Judge Martin's point about Rule 1 requiring the just, speedy, and inexpensive resolution to this case, this case has been pending since January of 2013, and the resolution has been anything but speedy or inexpensive to my clients. The plaintiff did not just. There's also the part about it being just. I mean, Ms. Perry, you know, she just wants to appeal the district court ruling, and she's never been permitted to do that. You know, the district court's saying we don't have jurisdiction. We're saying we don't have. I mean, our earlier panel said we don't have jurisdiction. I mean, your position is she's just out of luck? She's not entitled to an appeal in this case? Yes, Your Honor. I believe that there were many paths available to the plaintiff for an appeal. She didn't take any of them, and my clients are still defending this matter. And so I don't think that it's in any way just or fair to my client. It wasn't just that the plaintiff dismissed that claim without prejudice. That occurred on November 9th when they dismissed that claim without prejudice. On November 19th of 2019, the court then entered final judgment on all the claims and all the defendants in this matter, and the court said all claims in the matter had been dismissed and that nothing further remains to be done in this action. Why isn't that contrary to Ryan, the Fifth Circuit opinion? When you exercise the opportunity to obtain a voluntary dismissal under Rule 41A1A2 with a stipulation signed by all parties who have appeared, it would appear that you voluntarily dismissed that claim, but you have the bones of a case remaining in the district court that the judge could have asserted jurisdiction over to reinstate and grant an appeal on here. When the plaintiff voluntarily dismissed that claim without prejudice, it was as if that claim never occurred. He didn't have any power to dismiss it. He only had power to dismiss it voluntarily under subsection little one. He had to do it by stipulation under two, which is what he did. In my view, the stipulation is inoperative. You caused the problem as much as he did. The court did enter that stipulation and did dismiss. That's what you should have done. The complaint will be treated as amended. Your client is dropped. All prior rulings remain in effect and a final judgment on 1291 is entered. End of day. And a final judgment was entered on November 19th. What? A final judgment was entered in this case on November 19th. Except that the court still had your client before it, in my view. The court dismissed the claim. And of course our court said it wasn't a final judgment. Our court, in dismissing for lack of jurisdiction, said the same thing in effect. Said that it wasn't appealable. Because it's treated as still alive. That claim was still alive. That claim was still alive because the dismissal was inoperative. He could have filed a new claim. We dismissed it under Ryan, which is what that says. Right. So he certainly could have filed a brand new, could have opened a new case. No, he couldn't have filed anything brand new. The case was still down in the laps, in the bosom of the district court. If, if. By operation of law, when we dismissed the appeal, we in effect said the case is still pending in the district court. The stipulation of dismissal was inoperative. The matter was still before the court. If, for any reason, the judgment that was entered on November 19, 2014, was in error in any way, Rule 60 provides that you could have gone back and sought… That's not a ground for Rule 60. Well, if that, if the judgment that was entered on November 19… No, what you should have done is said to the judge, let's have him amend the complaint, just drop it out. And enter a 1291 judgment. End of day. Well, under the operative case law, when you file a voluntarily, voluntarily dismissal without prejudices stipulated by all parties… That's an action without prejudice. An action. The only action that was left against… Then I know the whole action means the case. That was the only part of the case that was left. Well, not a part of the case, the case itself. That was the only, that was the only case remaining. No, when he did that, the court still had the case in its bosom. Now, granted, the judges had, two judges, had in effect ruled on summary judgment or motion dismiss, but that didn't end the case. If that dismissal did not end the case on November 9, certainly when the court entered judgment on November 9… No, because the so-called dismissal pursuant to stipulation hadn't been entered yet. So, if on November 9… So, the case is still in the bosom of the court. And when you on the other side entered into the stipulation of dismissal, it didn't add anything. But the judgment entered on November 19, dismissing all claims and all defendants in that action, certainly… That's right, but except that the other one is still pending by operation of law. Not pursuant to the express… Well, you induced, both sides induced the judge to do that. Pursuant to the express terms of that judgment that was entered on November 19, it dismissed all claims and all parties to this action. And again, that has occurred over a year, two years. There is no judgment terminating all claims against all parties adversely to the plaintiff. That is actually the words of the judgment that was entered on November… Well, then there was no dismissal without prejudice. It incorporates that dismissal without… So, that would be an adverse ruling against the plaintiff. Well, by the very terms of the judgment entered on November 19, it did actually dismiss all claims and enter judgment in favor of all defendants. If that were in error, there is a mechanism to either appeal that decision or to correct that judgment. But the time period for having done that is lapsed. And we would ask that this court affirm the district court denial of a motion to dismiss with prejudice at this point. Thank you. Ms. Galleon. Good morning. May it please the court, I'm Teresa Galleon and I represent the much to be pitied Schumacher defendants. Because unlike the HMA defendants, we didn't participate in the 41A1A proceedings at all. In fact, the record clearly shows that my clients obtained dismissal very early on in 2013 of three counts on a motion to dismiss. And then the remaining four counts with respect to my clients were dismissed on a motion for summary judgment. There was an error in that ruling. The plaintiff moved for reconsideration. Again, the section 1981 claim. But I certainly agree with your honors that this is a procedural nightmare. But it is of the plaintiff's making. It is of the appellant's making. There were many roads she could have gone down. My client cannot do anything. We were out of the case. Yes, we certainly. Your co-defendant and the plaintiff's making. We are certainly bound and stuck. It cannot be argued. But I would also say, because I think Judge Martin raises, you know, the ultimate question here. The questions of fairness and justice. We can't torture the rules. I speak for myself. Yes, sir. Because it sets the stage for all kinds of mischief down the road. It does. And it makes me question, is anything final here? And I say this respectfully. I thought it was final with the last panel. If we're displeased. Well, it wasn't. The last panel said it wasn't final. The last panel said that there was no jurisdiction. Because it had that stipulation in there. Dismissal. I'm not sure, Your Honor. Respectfully, I mean. They cited Ryan. I believe that Ryan is the right analysis here. Ryan says if you want to do it without prejudice, you amend the complaint under Rule 15. Correct. And I don't know why the parties, these other parties, did not do that. But does this mean that we could ask for another panel if we are to overlook what the previous panel said? If we're displeased with the outcome, can we get a third panel here? Will this ever be over? The plaintiff made a choice. It was the day before trial. My clients were out. So here's what Dr. Pam Perry was facing. And I think this is what really matters here. Her rationale. Her thought process. She had eight claims against six defendants. Seven claims were gone with, dismissed with prejudice. And three of the six defendants were gone with prejudice. She didn't want to go on. She had to put her case on the very next day. She didn't want to. So they came up with this strategy and struck a deal that my clients didn't participate in. And now my clients are stuck four, five years down the road. Dr. Pam Perry was hired in 2011 and dismissed in early 2012. So if one were to agree with you, what does the plaintiff do to avoid the finality trap and get her dismissed claims reviewed by the 11th Circuit Court of Appeals? Your Honor, respectfully, I think that the plaintiff should have dismissed that claim without prejudice. Something that, or with prejudice. Something that she's trying to do now. And then she wouldn't have had this issue. She foolishly tried to hang on to a 1981 claim. I'll also point out it's got a four-year statute of limitations. Why didn't she bring it again? She could have brought it against the eight, as far as I know, against the three eight who made defendants. What's wrong with voluntary dismissal under Rule 41A with a motion for entry of a final judgment on the counts she wanted to take up? Nothing, but she didn't do that. Right. That would have been a proper course of action.  But she was engaged in hijinks of her own designed to preserve, for what reason, I don't know, a Section 1981 claim against the HMA defendants. And she would have gotten all that relief from Title VII. So it was a foolish choice that Dr. Perry and her lawyers made. And now— It was a negotiating strategy down the line, right? I mean, presumably. Well, it wasn't negotiated with me. There's something left to negotiate with a settlement if you get shut out here, there, and everywhere else, right? Yes, sir, I can't disagree with that. But, again, my clients are entitled to finality. There are good reasons for the Ryan Rule. This is truly an effort to create appellate jurisdiction so that there could be a fast, quick appeal of adverse rulings. The plaintiff had other choices. She just didn't exercise them. And now, if we're going to be focused on issues of fairness—and, of course, we should always be focused on those issues—my clients are now stuck. We have no witnesses. We have nobody, nothing. We will totally be unable, four years later, to try to defend this case or try it. We don't have a single witness left. And we are not a participant or a party. They don't want that. I mean, what they really want is they want their dismissed claims to be reviewed by this court, right? I mean, that's what they want. We think that there was a way for them, a clear path for Dr. Perry to obtain that. But what I'm saying is the thought that you're going to have to defend claims in the district court is rather remote, don't you think? I don't know, Your Honor. I actually think that the rulings on our motion to dismiss and the motion for summary judgment are quite sound. Let me ask you a question that's not part of your appeal. Has the statute of limitations run on Claim 3? It has now because it's a four-year statute. It ran in 2016. I don't know the dates, but I don't dispute counsel's references. The statute of limitations has run it. If the dismissal without prejudice had bearing, it's run. I believe that's incorrect. It would have been last December, December of 2016. But during that period of time, I mean, Dr. Perry could have resurrected and in a new fresh action, as far as I know, brought that claim against the HMA defendant. No, no, it couldn't have renewed an express action if the stipulation of dismissal was inoperative. I'm not sure about that. Anybody can file a lawsuit. Yes, sir. It would have been put in with this case, the same case. I agree, Your Honor, but I would point out I do believe this is a case of a procedural mess being made by the appellant, and I believe that that's how this panel should decide this case. She should be stuck with the bargain that she sought. Thank you. Thank you. What counsel just argued is that there will be some prejudice if this goes back to the district court for a trial. The standard under Rule 41 is clear legal prejudice, and as this court has noted in Pottenberg, you have to show more than there's going to be subsequent litigation. They just don't want another appeal. What is the subsequent litigation going to be? If ultimately this comes back to this court on appeal on the substantive claims. Subsequent hearing on appeal, not subsequent litigation of the district court. Well, if the case comes back to this court. Claim three is gone, is it not? It will be, Your Honor, but if this court reverses on the summary judgment. No, no, no. It wouldn't be gone if we said that the stipulation was inoperative. It would still remain, but ultimately for us to have a final appealable order, we will be. We understand. You'd have to abandon it. Right, but they have not shown clear legal prejudice just because the case will go on. That's not the standard. Now, what counsel represents is there were three or four courses of action, but they take issue with the one we took. They can't have it both ways. There are several courses. Now, we cite two American states versus Daystar in our papers from the Ninth Circuit. And in there, addressing a stipulation for voluntary dismissal, just like we had. The court said the way to cure this jurisdictional defect includes dismissing with prejudice the claims on which the district court had not ruled and also petition the district court to reopen and amend the pleadings. There are several paths. There's nothing that precludes the path that we took. There's no legal authority they cite to that says the path we took is improper. In fact, all that's in the briefing are the cases that the appellant cites to saying this is a proper path to go. Go back to the court. You can dismiss with prejudice that claim. You'll have an appealable order. Ultimately, the Ryan rule doesn't preclude this. As the court has noted, the case remains with the district court, and that is what is on appeal. This very narrow issue, did the district court have jurisdiction to entertain the Rule 41 motion? And the answer is the district court did. And we ask your remand so that the district court can rule upon it. We can have a final appealable order. Thank you. Thank you.